FORDYCE *v*. GOREY.

Opinion delivered June 1, 1901.

DEFAULTING EMPLOYEE—DISCHARGE—WHEN PENALTY FOR NONPAYMENT
OF WAGES NOT RECOVERABLE.—A receiver of a railroad is not liable
to the statutory penalty for discharging a conductor without paying
his wages on the day of his discharge if the conductor was short
in his accounts with the railroad, and had failed to report his
collections, so that it could not reasonably be known how much
was due to such conductor.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

STATEMENT BY THE COURT.

In a suit for wages and to recover penalty for failure to pay
when he was discharged from service by the receivers, the appellee
recovered judgment against the appellants, as receivers, for $121
due him for wages for services as conductor on the railroad, while
in hands of the receivers appointed by the state court first, and
afterwards by the United States circuit court for the Western dis-
trict of Missouri, and the Western district of Arkansas, and also
recovered judgment for $226.40 penalty for failure to pay his
wages when he was discharged from their service, as provided in
section 6243 of Sandels & Hill's Digest.

The appellants in their answer set up their appointment as
receivers, and denied that they were liable under the statute; said
they were not included in the language of the statute; that it did
not apply to them. They denied that the plaintiff was entitled
to recover the penalty claimed in the complaint. They also say
that "the plaintiff, as conductor of the train in charge of these
receivers, collected moneys coming to these receivers, and at the
date and time said Gorey was discharged, if he was discharged, the
said Gorey was indebted to these receivers for money had and
received and collected by the said E. Gorey in his capacity as con-
ductor, which moneys were then and there in the possession of the
said E. Gorey, and which he had failed, neglected and refused to
turn over and account for. They deny that they withheld his

wages due him, and say they were ready and willing to settle at any time said E. Gorey should agree upon a settlement of the amount due from him to these receivers. They say they demanded settlement, but that Gorey failed and declined to make said settlement; that plaintiff and defendants were unable to agree upon the amount of plaintiff's shortage, and said defendants could not pay plaintiff, as the amount to be paid was in dispute."

Defendants tendered plaintiff $121, the amount of his wages, less the amount they contended he was short. This he declined to receive, but demanded $145 less $18.06, which he contended was the true amount of his shortage. The defendants' testimony tends to show that the plaintiff's shortage was $27.95.

Many instructions were asked and refused, which it is unnecessary to set out here. The court gave instruction No. 2 for the plaintiff, which is as follows: "If the jury find from the evidence that the plaintiff is entitled to a penalty in this case, then in that event he will be entitled to said penalty from the date of his discharge up to the date of the filing of the defendant's answer in this case." Exception was saved.

*Lathrop, Morrow, Fox & Moore, of Missouri,* and *Read & McDonough,* for appellants.

Sand. & H. Dig., § 6243, does not apply to "receivers" of railroads. 4 Tex. Civ. App. 166; 5 *ib.* 50; 83 Tex. 218; *ib.* 729; 2 Elliott, Railroads, § 577; 32 S. W. 77; 26 S. W. 486; 55 Ga. 481; 56 Ga. 373; 71 Fed. 636; 177 U. S. 305. Penal statutes will not be extended by construction. 38 Ark. 521; 59 Ark. 356; 58 Ark. 43; 55 Ark. 302; 6 Ark. 279. *Cf.* 36 Ark. 330; 46 Ark. 161; 47 Ark. 406; 53 Ark. 421; 56 Ark. 110; 65 Ark. 532; End. Int. Stat. §§ 4, 7, 8. The court erred in giving the second instruction for appellee. The fact that the balance due was in dispute, and that appellee would have refused to accept what appellant thought due, dispensed with the necessity for tender. 10 So. 293. Until the amount due was ascertained, the penalty did not attach.

HUGHES, J., (after stating the facts). We think there is reversible error in the second instruction set out herein, because there had been no ascertainment of the plaintiff's shortage, and consquently the amount which the railroad company owed him had not been, and could not have been, ascertained at the time of his discharge by the receivers; and this seems to have been his fault. He was laid off a few days before his discharge, which was on the

4th of July, at which time he was indebted to the company for money he had received for them while in their employment as re-ceivers, and which he had failed to account for and turn over to them. At least, this was the contention, which there was evidence tending to establish. They could not be required to pay him until it could be known what they owed him, and that this could not be known seems from the evidence to have been due to his failure to report his receipts of moneys as conductor, which the evidence tends to show it was his duty to make.

The receivers therefore were not liable to a penalty for failure to pay his wages until they knew what was due him, or could by the exercise of reasonable diligence have ascertained the same, for failure to pay his wages after which time only the penalty would attach, and not from the time of his discharge.

The question as to the application of the statute to receivers of railroads (§ 6243, Sand. & H. Dig.) is not decided, but left open.

This is a penal act, and should be strictly construed. For the error in giving the second instruction, the judgment is reversed, and the cause is remanded for a new trial.