492 P.2d 426

Steve W. PARISE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Hughes Aircraft Company, Respond-
ent Employer,

Argonaut Insurance Company, Respondent
Insurance Carrier.

No. 1 CA–IC 399.

Court of Appeals of Arizona,
Division 1.

Dec. 30, 1971.

Rehearing Denied Feb. 4, 1972.

Review Denied March 14, 1972.

See also 13 Ariz.App. 522, 478 P.2d 137.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

HATHAWAY, Judge.

The petitioner is before this court on writ of certiorari to examine the lawfulness of a Decision Upon Rehearing and Findings and Award and Order for Unscheduled Permanent Partial Disability entered 22 December 1969. The sole question is whether unemployment benefits received during the period of temporary partial disability are "wages" which can be

considered in determining workmen's compensation benefits.[1]

Petitioner, S. W. Parise, was injured on 5 January 1965.[2] His injury was accepted as compensable. On the 17th of May, 1966, a Findings and Award for Unscheduled Permanent Partial Disability was entered. Finding six of that award set out the amount of temporary partial disability compensation due to Mr. Parise. Unemployment benefits he received during the period of temporary partial disability were treated as wages earned and the amount awarded reflected a deduction for such computation. At the rehearing entered 22 December 1969 The Industrial Commission upheld the treatment of the unemployment benefits as wages. This writ followed.

The Commission's practice in deducting unemployment benefits is based on A.R.S. § 23–1044, subsec. A, which in part provides that compensation for temporary partial disability is, "sixty-five per cent of the difference between the wages earned before the injury and the wages which the injured person is able to earn thereafter." Pursuant to this statute the Commission contends that petitioner's unemployment benefits are "wages which the injured person is able to earn thereafter."

The Commission argues that workmen's compensation and unemployment insurance are both state programs, not meant to be cumulative, but rather intended to interrelate. Thus, it claims an incongruous situation arises where, on one hand, a claimant may be compensated by the Employment Security Commission by claiming to be ready, willing and able to work but finding no work available; and on the other hand, receiving compensation from The Industrial Commission by saying he is willing to work but cannot because his doctor says he is unable to return to regular work. We do not believe such claims to be as incongruous as they might first appear. See Edwards v. Metro Tile Company, 133 So.2d 411 (Fla.1961); Winter v. Roberson Construction Company, 70 N.M. 187, 372 P.2d 381 (1962); American Employers Ins. Co. v. Climer, 220 S.W.2d 697 (Tex. Civ.App.1949); 2 A. Larson, The Law of Workmen's Compensation § 57.65 (1970).

The problem arises from the fact that the workmen's compensation statutes were enacted much earlier than the unemployment compensation statutes and thus tended not to be interrelated. Both acts are purely creatures of legislation. The recognition of this fact has led some courts to hold that the remedy for possible evils of double recovery lies exclusively with the legislature. See Annot., 96 A.L.R.2d 941 § 3 (1964) and cases cited therein. Contrarily, other courts, in the absence of a specific statute precluding simultaneous compensation, reach the same result by reading the statutes together finding by implication that a double recovery was not intended by the legislature. See Annot., 96 A.L.R.2d 941 § 2 (1964). The Commission relies primarily on a case following the latter course, California Compensation Insurance Company v. Industrial Accident Commission, 128 Cal.App.2d 797, 276 P.2d 148 (1954). The court there faced with the exact issue before us held:

"[T]hat in the light of the manifest legislative intent to provide a correlated system of social insurance and to avoid dual benefits, the amount of the workmen's compensation award for temporary partial disability should be diminished by the amount of benefits received as unemployment insurance. Such a procedure does not oust the commission of its jurisdiction to award an employee an amount it considers him entitled to, since the employee does receive such total amount. It merely restricts the em-

1. In March of 1968 the applicant filed a complaint in Pima County Superior Court pertaining to the present issue. We held, on 17 December 1970, that the superior court did not have jurisdiction to consider the issue. The instant writ was held in abeyance until that decision issued.

2. This case was decided under the law as it existed prior to 1 January 1969.

ployee's benefits to that amount by giving due consideration to benefits already received by the employee from an agency charged with the administration of a coordinate part of the legislative scheme of wage-loss legislation." 276 P.2d at 153. The Commission points out, as does the California court, that it is not completely excluding simultaneous receipt of both benefits but merely adjusting the amount of compensation received by treating the unemployment benefits as wages. We do not, however, find ourselves in accord with the holding of the California court.

■ The Arizona Supreme Court has held time and again that the workmen's compensation laws of this state should be liberally construed so as to give the worker every benefit to which he is rightly entitled. In Royall v. Industrial Commission, 106 Ariz. 346, 348, 476 P.2d 156, 158 (1970) the court quoting from Nicholson v. Industrial Commission, 76 Ariz. 105, 109, 259 P.2d 547, 549 (1953) stated:

> " 'It is not in the power of this court to "give" but it definitely is its duty to interpret the law to insure that what the law gives is not withheld.' "

See also Reed v. Industrial Commission, 104 Ariz. 412, 454 P.2d 157 (1969) ; Engle v. Industrial Commission, 77 Ariz. 202, 269 P.2d 604 (1954). Where the language is doubtful we favor liberal construction of the act to effectuate its remedial purpose, Bergstresser v. Industrial Commission, 13 Ariz.App. 91, 474 P.2d 450 (1970), and lacking a clear expression of legislative intention we will not read into the definition of a term something other than the ordinary meaning. We believe the ordinary meaning of the word "wages," as it applies to the provision before us, is the value received for the duties and labors which a workman performs, i. e., the value received for services actually rendered. See

Bergstresser v. Industrial Commission, supra; cf. Industrial Commission v. Jordan, 9 Ariz.App. 23, 448 P.2d 895 (1968). Unemployment benefits are not "wages" in the ordinary sense but are a wage substitute created by the legislature to limit the serious social consequences of poor relief assistance. A.R.S. § 23–601.

■ We note that the legislature has enacted broad language in defining "wages" within the meaning of the Employment Security Act, A.R.S. § 23–622, as amended. Likewise, the Workmen's Compensation Act is always subject to amendment by the legislature. In the exercise of a sound judicial discretion it is important that the law be not amended by judicial construction. Tovrea Packing Company v. Tapia, 63 Ariz. 503, 163 P.2d 852 (1945).

Some courts, recognizing the need for a coordinated wage-loss system have read restrictions contained in their state unemployment statutes into their workmen's compensation acts. See Pierce's Case, 325 Mass. 649, 92 N.E.2d 245 (1950).[3] In this connection, it is interesting to note that an earlier law, Ariz.Code Ann. § 56–1005(5) (1939), disqualifying a person receiving temporary partial disability under the workmen's compensation laws from simultaneously receiving unemployment benefits was dropped by the legislature. Ariz.Laws 1941, Ch. 124 § 5. (now A.R.S. § 23–775, 23–776, 23–777). See also Winter v. Roberson Construction Company, supra.

We agree with the statement in Snead v. Adams Construction Company, 72 N.M. 94, 380 P.2d 836, 838 (1963), that there is not now, nor was there at the time of claimant's injury, any provision in our compensation statute forbidding benefits to an injured workman on the ground that he is receiving benefits under some other local or federal statute. We therefore hold that the unemployment benefits received by the

---

3. In 3 A. Larson, The Law of Workmen's Compensation § 97.20, at 491 (1971) the author notes the salutary purpose of such judicial construction but says: "However, the burden of achieving this co-ordination should not be thrust upon the courts, since many detailed questions are certain to arise which can only be handled by carefully-considered legislation."

petitioner do not constitute wages within the meaning of A.R.S. § 23–1044, subsec. A of the Workmen's Compensation Laws. The Award of 22 December 1969 is set aside.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.