580 P.2d 769

**APACHE EAST, INC., an Arizona Corporation, Richard Cole and Joe Ann Cole, Appellants,**

v.

**Patrick WIEGAND, Appellee.**

**No. 1 CA–CIV 3729.**

Court of Appeals of Arizona, Division 1, Department B.

May 16, 1978.

Rehearing Denied June 14, 1978.

----

**2.** See also Prosser, The Law of Torts, Sec. 51 (4th ed. 1971); *Pinal County v. Adams*, 13 Ariz.App. 571, 479 P.2d 718 (1971).

Michael E. St. George, Tempe, for appellants.

Machmer, Schlosser & Meitz, Ltd., Robert H. Schlosser, Phoenix, for appellee.

## OPINION

OGG, Judge.

This appeal concerns the propriety of an award to the appellee of treble damages and attorney fees for appellant's failure to pay wages due.

From 1970 until May, 1974, appellee Patrick Wiegand was employed by appellant Apache East, Inc., as parts manager for its Apache Honda retail motorcycle dealership. Appellants Richard Cole and Joe Ann Cole are the sole shareholders of Apache East, Inc. It is undisputed that Wiegand's initial compensation was $800 per month, later increased to $1000 per month, or a ten percent commission on the sale of certain motorcycle parts, whichever was greater. It is disputed, however, whether this ten percent figure was limited to sales transacted in the parts department or whether it included parts sold through the sales department in connection with new or used motorcycles. Prior to trial, appellant agreed that Wiegand was owed $350.18; Wiegand, however, claimed an additional $2015.66 for 1973 and a minimum of $900 for 1974.

During the time Wiegand was employed by appellants, a partnership was formed under the name K and R Manufacturing for the manufacture of motorcycle parts and accessories to be distributed over the parts counter at Apache Honda. The partnership was composed of Wiegand, who owned sixty percent, and appellants Cole, who owned forty percent. The partners made no specific agreement except that when sales reached $18,000 further decisions would be made concerning the continuation of the business or the distribution of property or assets.

Following Wiegand's termination from Apache Honda the partnership was continued for a brief period in Wiegand's home until he traded the partnership assets for stock in another enterprise.[1]

After answering Wiegand's complaint, appellants counterclaimed for an accounting of the partnership assets. The trial court awarded Wiegand judgment for wages due and owing for 1973 and 1974 of $3488.70, and held that these wages were subject to the treble damage provisions of ARS § 23–355. Wiegand was also awarded $720 for attorney fees.[2] On the counterclaim the court ordered Wiegand to file an accounting of the assets of K and R Manufacturing. Upon the trial court's denial of appellants' motion for new trial, this appeal was taken.

The first question on appeal is whether there was sufficient evidence to support the trial court's finding that Wiegand's compensation included a commission of parts sold through the sales department.

No findings of fact or conclusions of law were requested by the parties and none were given. We must therefore affirm the decision of the trial court if its decision is supported by any reasonable evidence. *Harmon v. Hanson's Pump & Machine Works, Inc.*, 4 Ariz.App. 107, 417 P.2d 741 (1966). Wiegand testified that as parts manager his compensation was to include a commission on parts sold through the sales

---

1. At the time of trial in this matter the company in which Wiegand received the stock had become insolvent and the stock was worthless.

2. The parties had stipulated to $720 as reasonable attorney fees. Appellants, however, reserved in the stipulation the right to argue on appeal that Wiegand was not entitled to attorney fees and the stipulated amount of attorney fees included non-collectible items.

department as well as parts sold over the parts counter. Although appellants presented evidence to the contrary, the trial court chose to believe Wiegand. Since this determination is supported by reasonable evidence we must affirm it.

Appellants next argue that any sums due Wiegand are not "wages" within the meaning of § 23–355, which states:

> If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages, together with costs and reasonable attorneys' fees to be allowed by the court on the basis of time and effort expended by counsel in behalf of the plaintiff-employee.

The testimony at trial established that Wiegand was paid his commission on all sales whether consummated personally by Wiegand or by one of the parts salesmen in Wiegand's absence. It was also established that Wiegand was absent from the premises of Apache Honda at various times while on other business for Apache East or K and R. Appellants cite three cases which stand for the proposition that "wages" included compensation only for the personal labors of the employee. See, *Barron v. Ambort*, 64 Ariz. 209, 167 P.2d 925 (1946); *Parise v. Industrial Commission*, 16 Ariz. App. 177, 492 P.2d 426 (1971); *Industrial Commission v. Jordan*, 9 Ariz.App. 23, 448 P.2d 895 (1968). In essence, appellants argue that unless Wiegand was personally involved in a particular sale, any compensation due him was not for his personal labors and thus not a "wage" within the meaning of the holdings on the cases cited by them.

We disagree with this contention. Inherent in Wiegand's duties as parts manager was the supervision of employees under him in the sale of motorcycle parts. This supervisory capacity was directly related to his personal efforts as parts manager. See *Barron v. Ambort* (salary plus commission held to be wages under workmen's compensation act); *State ex rel. Nilsen v. Oregon*

*State Motor Assoc.*, 248 Or. 133, 432 P.2d 512 (1967) (vacation pay, when nondiscretionary, is "wages").

Appellants' next contention is that the definition of wages set forth in ARS § 23–340: "any compensation for labor measured by time, piece, or otherwise," should be limited by the doctrine of *ejusdem generis*. We need not consider this argument. The definitions contained in § 23–340 are specifically limited to Article 6.1 of Chapter 2 of the labor code. Section 23–355 is found in Article 7 of that code and therefore § 23–340 is irrelevant in determining the definition of wages in the present case.

For the purposes of § 23–355, wages are defined as the nondiscretionary compensation due an employee in return for work for which the employee has a reasonable expectation to be paid. See, *Acevedo v. Phoenix Opportunities Industrialization Center*, 27 Ariz.App. 156, 551 P.2d 1322 (1976); *State ex rel. Nilsen v. Oregon State Motor Assoc.* Appellants do not argue that Wiegand was an independent contractor. Neither do they argue, as discussed in *Barron v. Ambort*, that portions of the sums due Wiegand were in the form of a year-end bonus based solely upon company profits. Wiegand rendered services to appellants for which he reasonably expected to be paid. We therefore hold that the compensation sought by Wiegand was properly held by the trial court to be wages under § 23–355.

Appellants next argue that the trial court improperly trebled the wages due and owing to Wiegand. In particular, appellants argue that the provision in § 23–355, which states: ". . . such employee *may* recover . . . an amount which is treble the amount of the unpaid wages, together with costs and reasonable attorneys fees . . . ." [Emphasis added], renders the treble damage provision of the statute discretionary with the trial court. Being discretionary, appellants' argument continues, the trial court may award treble damages only upon finding that the employer willfully or fraudulently fails to pay wages due and that no such willfulness or fraudulent

purpose was found in this case. Appellants claim that a mandatory trebling of damages would work a severe hardship upon the innocent employer who withholds wages in a good faith dispute.

Wiegand's position is that mandatory trebling is required because the employer has control of the accounting system and is in a dominant position; therefore, the employer must be severely penalized if an advantage is taken of an employee in a wage dispute.

■ Depending upon the statute involved and how the word "may" is used, the courts of this state have interpreted "may" to be both permissive and mandatory. When the exact meaning cannot be determined from the language used in the statute, the courts in the search to ascertain the legislative intent look to the words, context, subject matter, effects and consequences as well as to the spirit and purpose of the statute. *Frye v. South Phoenix Volunteer Fire Co.*, 71 Ariz. 163, 224 P.2d 651 (1950); *State v. Mileham*, 1 Ariz.App. 67, 399 P.2d 688 (1965).

We have found only one Arizona case touching upon this issue. In *Acevedo v. Phoenix Opportunities Industrialization Center*, 27 Ariz.App. 156, 551 P.2d 1322 (1976), the appellate court reversed the trial court in a wage dispute case and awarded treble damages and attorney fees under the provisions of § 23–355. The question of whether the treble damage and attorney fee award was deemed to be mandatory or discretionary was never raised as an issue or determined by the court in that opinion. From the facts alluded to in the opinion it appears the appellate court found there was no dispute that the employee had worked overtime and was entitled to be compensated, that the employer had in the past agreed to compensate for such comp-time, and that the employer could not relieve itself from this obligation by simply terminating the employment. The appellate court found "no merit" in the employer's position taken in this wage dispute. It follows that the appellate court believed it

was justified in awarding treble damages under the facts and it would therefore have made no difference whether such an award had been deemed to be mandatory or discretionary with the trial court. We find *Acevedo* to be of little precedent value relative to the issue before us.

We have not found any cases from other states that interpret a statute similar to the Arizona statute. However, in the relatively few reported cases which have interpreted wage continuation penalty statutes for the non-payment of wages, the general rule appears to be that a penalty will not be imposed when there is a good faith dispute over unpaid wages. *Fordyce v. Gorey*, 69 Ark. 344, 65 S.W. 429 (1901); *Bradshaw v. Jayco Enterprises, Inc.*, 212 Kan. 206, 510 P.2d 174 (1973); *Osipik v. Jansen*, 210 Kan. 645, 504 P.2d 148 (1972); *Clevy v. O'Meara*, 236 La. 640, 108 So.2d 538 (1959);[3] see, Annot., 90 A.L.R.2d 606, 632–34 (1963).

■ It is our opinion that the treble damages provision authorized by the legislature in § 23–355 was directed against employers who seek to delay payment of wages without reasonable justification or who seek to defraud employees of wages earned. We further believe it was the intent of the legislature, when it used the term "may," to leave discretion in the courts in determining when this penalty should be imposed. The treble damages penalty should not be awarded when there is a reasonable good faith wage dispute between the employer and the employee.

■ As a policy matter this appears just to all parties. If there is a dispute over unpaid wages the employer acts at his peril and the court in its discretion may award treble damages when the withholding was unreasonable and there was no good faith wage dispute. However, there are some wage disputes when the issue may involve a valid close question of law or fact which should properly be decided by the courts. We do not believe the legislature intended to deter the litigation of reasonable good faith wage disputes; we do believe the leg-

---

**3.** All of these cases involve the interpretation of a wage continuation penalty statute which continues a terminated employee's current wages until such time as the employer pays his unpaid back wages.

islature intended to punish the employer who forces the employee to resort to the courts in an unreasonable or bad faith wage dispute.

Since we hold the awarding of treble damages to be discretionary, we must examine the record to determine if the trial court abused its discretion in applying the treble damage provisions of § 23–355.

In reviewing the evidence there appears to be disputed testimony which was decided adversely to the appellants by the trial court. An appellate court will not reverse such a determination if there is any competent evidence supporting the judgment. *Home Indemnity Co. v. Bush*, 20 Ariz.App. 355, 513 P.2d 145 (1973).

It is our opinion that there is competent evidence to support the ruling of the trial court and it was not an abuse of discretion to award treble damages under the facts of this case.

Viewing the evidence in a light most favorable to sustaining the trier of fact, we find this was not a reasonable good faith wage dispute. The dispute was in part created by the negligent manner in which the appellants handled the bookkeeping and wage records. For three years prior to the wage dispute the appellants had paid Wiegand 10% on all parts sold through the sales department and Wiegand presented testimony that this was the wage agreement in effect.

Appellants next argue that the award of $720 to Wiegand for attorney fees improperly included attorney fees for the defense of the counterclaim. We find no basis in the record for this contention. Wiegand's counsel testified to more attorney fees than Wiegand was awarded and counsel for appellants stipulated that the hours and rate of Wiegand's counsel were acceptable.[4] There is no evidence in the record that any portion of the award was for anything but the wage claim. As previously mentioned, no findings of fact or conclusions of law were asked or given on this

point and we must affirm the trial court if any evidence exists to support its judgment. We therefore affirm the award of $720 attorney fees to Wiegand.

Finally, appellants argue that the trial court erred in failing to provide a hearing on the accounting for the K and R Manufacturing assets and in so failing appellants were denied due process. We find this argument to be without merit. Appellants asked for an accounting in their counterclaim and this relief was granted. There has been no objection to the accounting nor have appellants requested further proceedings thereon. Since these issues were not presented to the trial court they cannot be considered at this time on appeal. *Hallenbeck v. Yuma County*, 61 Ariz. 160, 145 P.2d 837 (1944); *J.H. Mulrein Plumbing Supply Co. v. Walsh*, 26 Ariz. 152, 222 P. 1046 (1924).

Judgment affirmed.

JACOBSON, Acting P. J., and NELSON, J., concur.

---

**4.** The parties had stipulated that attorney fees would be due if Wiegand was successful and therefore the issue of whether such fees are mandatory or discretionary under § 23–355 is not before us.