Fidel NIETO–SANTOS, et al.,
Plaintiffs-Appellants,

v.

FLETCHER FARMS, et al.,
Defendants-Appellees.

No. 83–2119.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 1984.

Decided July 3, 1984.

Victor Aronow, Phoenix, Ariz., for plaintiffs-appellants.

David J. Hamilton, Raymond M. Hunter, Ryley, Carlock & Ralston, Phoenix, Ariz., for defendants-appellees.

Before WISDOM *, SKOPIL, and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

[1] Appellants are Mexican nationals who were permitted to enter the United States to work for appellee Fletcher Farms as citrus harvesters pursuant to special provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(15)(H)(ii), commonly known as the "H–2 program." Appellants brought this action in the United States District Court for the District of Arizona seeking damages for breach of their employment contracts. Specifically, appellants alleged in their complaint that Fletcher Farms terminated their employment before the termination date specified in the employment contracts. Appellants claimed federal jurisdiction under 28 U.S.C. §§ 1331 and 1337 on the theory that as Mexican nationals their general right to seek and obtain employment in the United States and the specific terms of their employment relationship were governed by the INA, 8 U.S.C. §§ 1101–1525, the Wagner-Peyser Act ("WPA"), 29 U.S.C. § 49, and the regulations promulgated pursuant to these statutes.[1] Appellants also claimed diversity jurisdiction. 28 U.S.C. § 1332.[2]

---

* The Honorable John Minor Wisdom, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. 28 U.S.C. § 1331 provides: "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The relevant portion of 28 U.S.C. § 1337(a) provides: "The district courts shall have original jurisdiction of any civil action or proceeding

2. See note 2 on page 640.

The district court dismissed the action for lack of subject matter jurisdiction, finding that the complaint for breach of the employment contract did not give rise to federal question jurisdiction and that each of the appellants' claims failed to meet the $10,000 minimum required for diversity jurisdiction. We agree with the district court that the action must be dismissed for lack of subject matter jurisdiction.

I

First, we address the question of federal question jurisdiction. Even though the gravamen of appellants' action is breach of employment contract, they claim the action arises under the laws of the United States within the meaning of § 1331 because federal law governed the employment relationship. Specifically, appellants note that Fletcher Farms was required by the regulations governing the H–2 program to guarantee each H–2 worker the opportunity for employment for at least three-fourths of the workdays of the total period during which the contract was to be in effect. 20 C.F.R. § 655.202(b)(6).[3] Appellants also claim that other terms and conditions of the employment contract, including

the hourly wage figure, were set in accordance with the agreement for employment of H–2 workers Fletcher Farms entered into with the United States. Appellants seek damages for wages allegedly due under the three-quarter guarantee provisions of the contract.

■ We believe this question is controlled by *Jackson Transit Authority v. Local Division 1285, Amalgamated Transit Union*, 457 U.S. 15, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982). In that case, the union sued the Jackson, Tennessee, Transit Authority for breach of a collective bargaining agreement. The union claimed that the district court had federal question jurisdiction because section 13(c) of the Urban Mass Transportation Act, 49 U.S.C. § 1609(c), required that the Transit Authority guarantee the preservation of the transit workers' collective-bargaining rights as a condition to the receipt of federal financial assistance for the acquisition of a privately owned transit company. The Supreme Court held that the mere fact that section 13(c) governed particular provisions of the collective bargaining agreement did not create federal question jurisdiction over an action for breach of that agreement in the absence of evidence that "Congress

arising under any Act of Congress regulating commerce ...."

In all respects relevant to this case, § 1331 and § 1337 are read alike and the same tests apply in determining whether a case is one "arising under" federal law. *Garrett v. Time-D.C., Inc.*, 502 F.2d 627, 629 (9th Cir.1974), *cert. denied*, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 n. 1 (9th Cir.1973); *see also*, 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3574 (1976).

2. 28 U.S.C. § 1332(a), provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between ... (2) citizens of a State or citizens or subjects of a foreign State ...."

3. 20 C.F.R. § 655.202(b)(6) provides:

(i) The employer guarantees to offer the worker employment for at least three-fourths of the workdays of the total period during which the work contract and all extensions thereof are in effect, beginning with the first

workday after the arrival of the worker at the place of employment and ending on the termination date specified in the work contract, or in its extensions if any. For purposes of this paragraph, a workday shall mean any period consisting of 8 hours of work time. An employer shall not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays. The work must be offered for at least three-fourths of the 8 hour workdays. (That is, ¾ × (number of days × 8 hours)). Therefore, if, for example, the contract contains 20 workdays, the worker must be offered employment for 120 hours during the 20 workdays. A worker may be offered more than 8 hours of work on a single workday. For purposes of meeting the guarantee, however, the worker may not be required to work for more than 8 hours per workday, or on the worker's Sabbath or Federal holidays...."

Appellees do not dispute the fact that the contracts included the three-quarter guarantee provision required by 20 C.F.R. § 655.202(b)(6).

intended such contract actions to set forth federal, rather than state, claims." *Id.* at 21, 102 S.Ct. at 2206. Thus, absent evidence of congressional intent to make contractual rights and duties "federal in nature," even causes of action based on an alleged breach of a federally-mandated contract provision present "only state-law claims." *Id.* at 23, 102 S.Ct. at 2207.

We see no principled basis for distinguishing the present case from *Jackson Transit Authority*. Both cases involve the precise question whether an action for breach of contract is a federal cause of action merely because Congress required that the contract include certain provisions. In *Jackson Transit Authority*, the provisions were designed for protection of transit workers; in this case, for the protection of farm workers. Here, just as in *Jackson Transit Authority*, there is no evidence that Congress intended to create a federal cause of action when it enacted the legislation benefitting farm workers.[4]

Appellants also argue that their action arises under the laws of the United States because they have an implied right of action to enforce section 101(a)(15)(H)(ii) of the INA, 8 U.S.C. § 1101(a)(15)(H)(ii), and the H–2 regulations promulgated pursuant to the INA and the WPA, 29 U.S.C. § 49. In *Lopez v. Arrowhead Ranches*, 523 F.2d 924 (9th Cir.1975), we held, however, that even United States citizens and legally admitted alien farm workers had no right to bring an action under the INA against employers for hiring aliens who the employers knew had entered this country illegally. *Id.* at 926 (citing *Chavez v. Freshpict Foods, Inc.*, 456 F.2d 890 (10th Cir.1972), *cert. denied*, 409 U.S. 1042, 93 S.Ct. 535, 34

L.Ed.2d 492 (1973)). *See also Flores v. George Braun Packing Co.*, 482 F.2d 279 (5th Cir.1973). Appellants urge us to distinguish *Lopez* on the ground that the plaintiffs in that case did not enter the United States under an H–2 permit or sue on a contract the terms of which were governed by the H–2 regulations, 20 C.F.R. §§ 655.0 *et seq.*

Even assuming appellants properly distinguish *Lopez*, we believe that under the standards articulated by the Supreme Court for determining the availability of an implied private right of action, *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), appellants have no right of action available to them here. First, neither the INA, 8 U.S.C. § 1101(a)(15)(H)(ii), nor the WPA, 29 U.S.C. § 49, nor the H–2 regulations were intended to especially benefit alien workers such as appellants; rather, their stated purpose is to protect the jobs of United States citizens. *See* 20 C.F.R. § 655.0(a) & (e); 20 C.F.R. § 655.202. Second, as appellants concede, Appellants' Brief at 13–14, there is no evidence that Congress intended to permit private enforcement of the H–2 regulations. Third, there is nothing in the underlying purposes of the legislative scheme suggesting that it would be appropriate to imply a privately enforceable remedy for alien workers. The Tenth Circuit has stated flatly that "8 U.S.C.A. § 1101(a)(15)(H)(ii) ... cannot be construed so as to create private rights." *Chavez v. Freshpict Foods, Inc.*, 456 F.2d at 893. Fourth, it is clear that a cause of action for breach of an employment contract is traditionally relegated to state rather than federal law.[5]

---

4. Appellants attempt to buttress their argument by pointing out that under the H–2 regulations, 20 C.F.R. § 655.202(b)(6)(i), their damages claim is limited to three-quarters of the workdays established by the contract. This limitation can hardly provide federal question jurisdiction, however, because it merely provides Fletcher Farms with a defense to reduce the amount of damages for which it may be liable. To confer jurisdiction, the federal question must be an element of the plaintiffs' complaint. A court is precluded from taking jurisdiction on

the sole basis of an anticipated defense based on federal law. *Guinasso v. Pacific First Federal Savings & Loan Assn.*, 656 F.2d 1364, 1366 (9th Cir.1981), *cert. denied*, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982).

5. Appellants rely on *Gomez v. Florida State Employment Service*, 417 F.2d 569 (5th Cir.1969), for their contention that they have an implied right of action under the WPA. *Gomez*, however, is clearly inapposite. In that case, the Fifth Circuit held only that *domestic* workers

■ Finally, appellants argue that their claims arise under federal common law. However, the federal interest in the factual and state law questions which are to be decided in this case is hardly so strong as to require resolution of them on the basis of uniform judge-made federal law. *See* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3563.

We hold that the district court properly concluded that this case does not "arise under" federal law within the meaning of 28 U.S.C. §§ 1331 and 1337.

## II

Appellants contend that the district court had jurisdiction of this case under 28 U.S.C. § 1332. It is undisputed that there is complete diversity of citizenship. Appellees assert, however, that appellants' claims do not rise to the $10,000 jurisdictional amount. Appellants do not dispute that they must each meet the jurisdictional limit individually.

■ Appellants admit that they were fully compensated for all work that they actually performed for Fletcher Farms. The theory of appellants' action is that under the three-quarter guarantee provision of 20 C.F.R. § 655.202(b)(i) they are entitled to damages for the balance of the contract term during which they were not permitted to work. Appellants concede, however, that even according to their own calculations, the largest individual claim for unpaid wages is $4,147.84. Their wage claims rise to the jurisdictional amount only if they may treble their damage calculations pursuant to Ariz.Rev.Stat.Ann. § 23–355:

> If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount

which is treble the amount of the unpaid wages.

The district court held, however, that appellants are not entitled to treble damages under Arizona law because appellants' claims are not for delay of payment or non-payment of money owed in return for work accomplished. Citing *Apache East, Inc. v. Wiegand*, 119 Ariz. 308, 311, 580 P.2d 769, 773 (App.1978), the district court found that for purposes of the Arizona treble damages statute, the term "wages" was restricted to "compensation due an employee in return for work *performed.*" E.R. at 43 (emphasis in original).

Appellants challenge the district court's interpretation of the Arizona statute, contending that the *Apache East* case does not in fact emphasize the quantity of work actually performed, but rather the 'non-discretionary' or mandatory quality of the compensation. Their compensation by Fletcher Farms, appellants contend, was made non-discretionary by the three-quarter guarantee provision of the H–2 regulations. We agree, however, with the district court's characterization of the Arizona case-law. In *Apache East,* the court stresses that the plaintiff had actually "rendered services" to the defendants. *Apache East, Inc. v. Wiegand,* 580 P.2d at 772. In each of the cases cited by the court in *Apache East* to support that court's interpretation of section 23–355, the suit was for wages for work already performed. *See Acevedo v. Phoenix Opportunities Industrialization Center,* 27 Ariz. App. 156, 551 P.2d 1322 (1976); *State ex rel. Nilsen v. Oregon State Motor Assoc.,* 248 Or. 133, 432 P.2d 512 (1967). We conclude that the district court's interpretation of the treble damages statute, Ariz.Rev. Stat.Ann. § 23–355, was clearly correct.

■ Appellants also contend that because appellees made fraudulent misrepresentations to them, they are each entitled

had an implied right of action under the WPA when those workers had no other remedy for violation of the Act. Appellants, citizens of the Republic of Mexico, are not among those domestic workers for whose benefit, the Fifth Circuit concluded, the WPA was enacted. Nor are appellants without an alternative remedy; they may sue in state court on their breach of contract and fraud claims.

to punitive damages of $5,000. We need not decide this question, however, because even if appellants were awarded such punitive damages, no individual appellant, in the absence of a right to treble damages on the wage claim, would have a damages claim which "exceeds the sum or value of $10,000 ...." 28 U.S.C. § 1332(a). We note, moreover, that the district court found that Fletcher Farms' alleged conduct, even if proven, would not warrant an award of punitive damages under Arizona law, which provides that punitive damages may be awarded in a fraud case only if the conduct at issue is wanton or reckless, shows spite or ill will, or is recklessly indifferent to the rights of others.[6] *Sellinger v. Freeway Mobil Homes, Inc.*, 110 Ariz. 573, 577, 521 P.2d 1119, 1123 (1975).

We hold that the district court properly concluded that it did not have jurisdiction over this action based on diversity of citizenship.

The judgment of the district court is AFFIRMED.

---

6. We note that appellants argue that they are entitled to an evidentiary hearing on the issue of punitive damages. Because we need not decide the punitive damages issue, we do not reach this argument.