**CALIFORNIA DIGITAL DEFINED BENEFIT PENSION FUND, Plaintiff,**

v.

**UNION BANK, Defendant.**

**No. CV–88–4098 RSWL.**

United States District Court, C.D. California.

Feb. 8, 1989.

Paul T. Dye, Saltzburg, Ray & Bergman, Los Angeles, Cal., for plaintiff.

Ronald K. Meyer, Lester J. Levy, Munger, Tolles & Olson, Los Angeles, Cal., for defendant.

**490**

## ORDER AND OPINION

LEW, District Judge.

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by the California Digital Defined Benefit Pension Plan ("plaintiff" or the "Plan") against Union Bank ("defendant" or the "Bank") for the alleged wrongful negotiation of assets belonging to the Plan. Plaintiff alleges, as the First and Second claims for relief respectively, that the improper negotiation constituted a breach of the Bank's fiduciary duty under ERISA §§ 404 and 409, 29 U.S.C. §§ 1104 and 1109 and a violation of ERISA §§ 404 and 406, and 408(b), 29 U.S.C. §§ 1104, 1106, and 1108(b). Plaintiff alleges, as claims Three through Seven respectively, "Federal Common Law" causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, intentional interference with prospective economic advantage, and negligence. Plaintiff seeks to recover both actual and punitive damages.

Defendant has moved the Court to dismiss the "Federal Common Law" claims contained in the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and to strike plaintiff's claim for punitive damages pursuant to Fed.R.Civ.P. 12(f). Plaintiff timely filed opposition to the motion. The matter was originally set for oral argument on February 6, 1989 but was removed from the Court's law and motion calendar for disposition based on the papers filed pursuant to Fed.R.Civ.P. 78.

Now, having read and considered the all of the papers filed in support of and in opposition to defendant's motions, the Court hereby issues the following order:

■ 1) Defendant's motion to dismiss claims Three through Seven of the First Amended Complaint is GRANTED. First, claims Three through Seven do not allege proper causes of action. *See Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); *United States v. Pastos*, 781 F.2d 747 (9th Cir.1986); *Nieto–Santos v. Fletcher Farms*, 743 F.2d 638 (9th Cir.1984). Second, even if the "Federal Common Law" claims are deemed to be improperly labeled state law claims, they are clearly pre-empted by ERISA § 514(a), 29 U.S.C. Section 1144(a). *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Shaw v. Delta Airlines Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Board of Trustees v. H.F. Johnson*, 830 F.2d 1009 (9th Cir.1987).

■ 2) Defendant's Motion to Strike Plaintiff's Request for Punitive Damages is DENIED. Having dismissed claims Three through Seven, the remaining action contains only ERISA claims. Defendant contends that no punitive damages may be recovered in an ERISA action.[1] As support for this proposition, defendant cites Supreme Court and Ninth Circuit cases which stand for the proposition that punitive damages are not recoverable under various ERISA provisions. *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 *on remand*, 778 F.2d 542 (9th Cir.1985) (Punitive damages unavailable to individual beneficiaries suing pension plan under ERISA § 409(a), 29 U.S.C.A. § 1109(a)); *Sokol v. Bernstein*, 803 F.2d 532 (9th Cir.1985) (Punitive damages not available to individual beneficiaries for breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C.A. § 1132(a)(3)). Plaintiff contends that these cases are not controlling as they hold only that awards of punitive damages are unavailable to individual beneficiaries and do not reach the question of awards of puni-

---

1. The availability of punitive damages under ERISA depends upon the interpretation of § 409(a) of ERISA, 29 U.S.C. § 1109(a). That section provides that any person who breaches a fiduciary duty to an ERISA plan:

   shall be personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to such plan any profits of such fiduciary which have been made through use of the assets of the plan by the fiduciary *and shall be subject to such other equitable and remedial relief as the Court may deem appropriate,* including the removal of such fiduciary.

   (Emphasis Added.)

tive damages when the pension plan itself is the plaintiff. Plaintiff acknowledges that there is no direct authority controlling on this Court which firmly establishes that individual beneficiaries and plans should be treated differently, but argues that such a result is a logical extension of the cases cited by defendant and is dictated by the structure and purpose of ERISA. This Court finds plaintiff's arguments compelling.

In *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Court examined the narrow question of whether § 409 of ERISA (29 U.S.C. § 1109) authorizes individual recovery by a participant or beneficiary of extra-contractual damages for breach of fiduciary duty. The Court held that Congress did not intend individual recovery of such damages under § 409 but, anticipating the distinction urged upon the Court by the plaintiff in this case, specifically reserved the question of whether or not § 409 allows for extra contractual damage awards when the plan itself is the plaintiff. *Id.* 105 S.Ct. at 3091.

Even though the *Russell* Court's stated reluctance to "tamper with an enforcement scheme crafted with such evident care as the one in ERISA," has made lower courts reluctant to allow any extra-contractual damages in ERISA actions, post-*Russell* Ninth Circuit authority provides a compelling basis for holding that punitive damages ought to be allowed when the plan itself is the plaintiff. In *Sokol,* the Ninth Circuit stated, that the intent of Congress in creating ERISA was to safeguard the integrity of pension plans generally and only to benefit individual beneficiaries derivatively. *Sokol,* 803 F.2d at 537. Allowing the recovery of punitive damages by individual beneficiaries would be antithetical to this purpose as it would allow generous individual recoveries at the expense of the plan as a whole. However, no such conflict exists in cases such as this where the plan itself is the plaintiff and would benefit from any award of punitive damages. In fact, allowing the plan to recover punitive damages would, at no additional expense, provide greater deter-

rence to those who might violate a fiduciary duty to a plan. Thus, allowing such damages is consistent with, and in fact a logical extension of, the judicially recognized intent of Congress in creating the ERISA remedies. *Schoenholtz v. Doniger,* 657 F.Supp. 899 (S.D.N.Y.1987); *James A. Dooley Assoc. Emp. Ret. Plan v. Reynolds,* 654 F.Supp. 457 (E.D.Mo.1987); *Contra Sommers Drug Stores Co. v. Corrigan Enterprises, Inc.,* 793 F.2d 1456 (5th Cir. 1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 1298, 93 L.Ed.2d 837, 94 L.Ed.2d 154 (1987); *Leigh v. Engle,* 669 F.Supp. 1390 (N.D.Ill.1987).

In sum, when the policies behind ERISA are examined, it makes no sense to preclude an award of punitive damages to the plan simply because such recovery has been denied to individual beneficiaries. Put simply, the purposes of ERISA are best served when the plan may recover punitive damages from those who have injured the integrity of the plan and, derivatively, all of the plan's participants and beneficiaries.

IT IS SO ORDERED.