**Gregory Lee CRANDAL; dba Engineered Coatings, Inc.; Lyle John Hitchcock, Plaintiffs–Appellants,**

v.

**BALL, BALL and BROSAMER, INC.; Don Meek; Milton Greenstein; Hal Stolber, et al., Defendants–Appellees.**

No. 94–16829.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 1996.

Decided Oct. 31, 1996.

---

Patrick A. Plummer, Law Office of Patrick A. Plummer, Phoenix, AZ, for plaintiffs-appellants.

Richard A. Friedlander, (on the briefs), D. Samuel Coffman (argued), Mariscal, Weeks, McIntyre & Friedlander, Phoenix, AZ, for defendants-appellees.

Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The issue in this case is whether a subcontractor has a private cause of action for money due from a contractor under the Small Business Act, 15 U.S.C. § 637(d).

## FACTS

The United States Bureau of Reclamation hired the lead defendant to repair an aqueduct. Much of the work was application of a sealant to cracks, so that the water would not leak out. The contractor subcontracted this part of the job to KGE, a woman-owned business. KGE formed a joint venture with Mr. Crandal and Mr. Hitchcock to perform the work. Except for work performed by Mr. Greg Crandal and Mr. Kevin Crandal personally, the actual labor was done by the defendant's employees, and backcharged to the female-owned subcontractor.

Disputes arose about how much money should have been paid for the job, and how much was backcharged. KGE filed a Miller Act case, see 40 U.S.C. § 270a, et seq., which was settled. The general contractor sought and obtained an equitable adjustment from the United States, and plaintiffs evidently were dissatisfied that it was not shared with them. None of the merits of these claims are before us, nor need the complex relationships between the parties associated on the subcontract be sorted out for purposes of this case. All that is at issue is jurisdiction, and it does not turn on any of those details.

The jurisdictional theory urged by plaintiffs in opposition to a motion to dismiss was that because plaintiffs are a woman-owned business and a minority-owned business, their claim raises a federal question under the Small Business Act. The complaint does not expressly state the basis of federal jurisdiction. There is no diversity, and the complaint does not allege a Miller Act claim. KGE had settled and released its Miller Act claim, and any Miller Act claim would have been barred by the statute of limitations when the complaint in this case was filed.

The district court dismissed for lack of jurisdiction, and we affirm.

## ANALYSIS

Congress has declared it to be federal policy to assure "maximum practicable opportunity to participate" in the performance of federal contracts by small business concerns owned and controlled by women and persons from certain other groups, and timely payments to them:

> It is the policy of the United States that small business concerns, small business concerns owned and controlled by socially

and economically disadvantaged individuals, and small business concerns owned and controlled by women shall have the maximum practicable opportunity to participate in the performance of contracts let by any Federal agency.... It is further the policy of the United States that its prime contractors establish procedures to ensure the timely payment of amounts due pursuant to the terms of their subcontracts with small business concerns, small business concerns owned and controlled by socially and economically disadvantaged individuals, and small business concerns owned and controlled by women.

15 U.S.C. § 637(d)(1).

Congress provided various remedies, including liquidated damages in favor of the government and against a non-complying contractor, 15 U.S.C. § 637(d)(4)(F), and disallowance of contract awards unless the contractor negotiates a plan with percentage goals. 15 U.S.C. §§ 637(d)(4)(D), (d)(6)(A). Also, failure of a contractor or subcontractor to comply in good faith with its plan or required contract clause is deemed a material breach of the contract. 15 U.S.C. § 637(d)(8).

Federal question jurisdiction exists for "civil actions arising under" federal statutes. 28 U.S.C. § 1331. Plaintiffs argue that a minority or female-owned subcontractor's claim for money due arises under 15 U.S.C. § 637(d).

We have held that "a private civil cause of action for lost profits cannot properly be inferred from the provisions of the Small Business Act." *Savini Const. Co. v. Crooks Bros. Const. Co.*, 540 F.2d 1355, 1359 (9th Cir.1974). Appellants urge that we distinguish *Savini Construction,* because there the plaintiffs should have been awarded the contract and were not, while here, the plaintiffs performed the contract. But considering the general principles for when private causes of action should be inferred, the distinction makes no difference.

We held, in a different context, that "the Small Business Act provides no private right of action to enforce SDB goals." *See GC Micro Corp. v. Defense Logistics Agency,* 33 F.3d 1109, 1111 (9th Cir.1994). Other circuits that have considered the question have unanimously agreed that the Small Business Act does not create a private right of action in individuals. *See, e.g., Aardwoolf Corp. v. Nelson Capital Corp.,* 861 F.2d 46, 48 (2d Cir.1988); *Integrity Mgmt. Int'l, Inc. v. Tombs & Sons, Inc.,* 836 F.2d 485, 487 n. 4 (10th Cir.1987) (parties agreed there was no private right of action under SBA); *Tectonics, Inc. of Florida v. Castle Constr. Co.,* 753 F.2d 957, 959 (11th Cir.1985) (citing *Royal Servs., Inc. v. Maintenance, Inc.,* 361 F.2d 86, 92 (5th Cir.1966) ("there was no intent [in SBA] to create civil rights of action in private persons")); *accord Searcy v. Houston Lighting & Power Co.,* 907 F.2d 562 (5th Cir.1990) (affirming Rule 11 sanctions where plaintiff brought private action under SBA).

"The question whether a private right of action is conferred by a federal statute is essentially one of interpreting congressional intent." *Miscellaneous Service Workers Local # 427 v. Philco–Ford Corp.,* 661 F.2d 776, 780 (9th Cir.1981); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 23–24, 100 S.Ct. 242, 249–50, 62 L.Ed.2d 146 (1979). The inquiry into congressional intent is facilitated by the test set forth by the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

(1) Is the plaintiff one of a class for whose especial benefit the statute was created? (2) Is there any indication of a legislative intent to fashion such a remedy? (3) Is it consistent with the underlying legislative scheme to imply such a remedy? (4) Is the cause of action one traditionally relegated to state law, so that an implied federal cause of action would be inappropriate?

*Philco-Ford Corp.,* 661 F.2d at 780 (internal quotation marks and footnotes omitted).

All but the first of these criteria suggest that no private remedy should be inferred. Claims for money damages for breach of contract are traditionally relegated to state law. The reasoning of *Nieto–Santos v. Fletcher Farms,* 743 F.2d 638, 640–41 (9th Cir.1984), applies. In that case, the law suit was for breach of employment contracts, and the employment contracts were specially

drawn to conform to a federal law for alien farm workers. We held that, "absent evidence of congressional intent to make contractual rights and duties federal in nature, even causes of action based on an alleged breach of federally-mandated contract provision of a federally mandated contract provision present only state law claims." *Id.* at 641 (internal quotation marks omitted).

The Act does not say that unpaid suppliers of work or materials may sue for damages. Nor need it, to give them a remedy. Female and minority subcontractors, like any other suppliers of labor or materials on a government contract, already have remedies under the Miller Act, 40 U.S.C. § 270a, and state law. The statutory remedies cited by plaintiffs, at 15 U.S.C. § 637(d), provide a basis for *the government* to assert remedies against prime contractors.

The statute has exceptions for small contracts, those under $500,000 or $1,000,000. 15 U.S.C. §§ 637(d)(2)(A), (d)(4), (d)(5)(A)(iii), (d)(6)(D). It would make no sense for Congress to afford a private remedy to contractors in the preferred groups when they had big contracts, but not when they had small ones. The smallest and most vulnerable female and minority contractors are likely to get the smallest of the subcontracts, so be most needy of prompt payment, yet the federal action would lie only for big contracts under plaintiffs' theory. A statute should be read in a manner which attributed a rational purpose to the legislature. *Longview Fibre Co. v. Rasmussen,* 980 F.2d 1307, 1311 (9th Cir.1992). The interpretation adopted by the district court makes sense of the statute. The statute gives the government remedies against contractors, and contractors against subcontractors, but makes an exception so that contractors too small to adopt effective and practical plans are excepted.

Thus we conclude that a cause of action for payment of monies due does not arise under the Small Business Act. This conclusion is consistent with the ones we reached in different factual contexts in *Savini Construction* and *GC Micro.* It is also consistent with the principle that "where a statute explicitly provides a particular remedy or remedies, a court must be chary of reading others into

it." *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979); *see also Utley v. Varian Associates, Inc.,* 811 F.2d 1279, 1285–86 (9th Cir.1987).

Appellants also urge pendent jurisdiction, on the theory that they made a nonfrivolous Miller Act claim. But their Miller Act claim was made years before in another lawsuit, not in this one. There was no Miller Act claim in this case to which any state law claims could be pendent.

AFFIRMED.