## No. 33,816

FLOYD GAWTHROP, *Appellee,* v. MISSOURI PACIFIC RAILWAY COMPANY, and GUY A. THOMPSON and L. W. BALDWIN, Trustees, *Appellants.*

(78 P. 2d 854)

Opinion filed May 7, 1938.

*Arnold C. Todd* and *Kurt Riesen,* both of Wichita, *W. P. Waggener, O. P. May, B. P. Waggener* and *Ralph M. Hope,* all of Atchison, for the appellants. *William Ward,* of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for wages and for penalties under G. S. 1935, 44-307 and 44-308. Judgment was for plaintiff. Defendant appeals.

The action was begun in the city court of Wichita. In his bill of particulars plaintiff claimed $10.92 for wages actually earned and

$10 refund of moneys under the railroad pension act. The defendant filed answer alleging a general denial and that he was trustee in bankruptcy appointed by the federal court. He offered to confess judgment for $4.60 and costs. The bill of particulars was filed on August 23, 1937, and the trial in the city court was on September 8, 1937. The employment was terminated on August 3, 1934. The defendant offered during the course of the trial to confess judgment for $4.60 and costs. Judgment was rendered in the city court for $4.60 for wages actually earned and $74.62 for penalties.

The penalties were included in the judgment pursuant to the terms of G. S. 1935, 44-307 and 44-308. These two sections provide that when an employee leaves the service of a firm or corporation it is unlawful for the company to refuse to pay him within ten days of the termination of the service. The section provides that as a penalty for so refusing to pay an employee within ten days of his leaving the service the company shall continue to pay the employee the wages for which he was working from the date of the discharge at the same rate as if he were still in the service until complete settlement is made.

The matter of the amount of the judgment over and above the $4.60 allowed for actual money earned was simply a matter of calculation. On the appeal to the district court a jury was waived and the case was submitted to the trial court. The evidence, as far as we are concerned with it in this review, consisted of the transcript of evidence in the city court. By the time this trial occurred more time had elapsed since the termination of the service.

When the appeal was taken from the city court the defendant paid to the clerk of that court the amount of that judgment. The trial in district court was a trial *de novo*. This record discloses, however, that the only matter considered and passed on by the trial court was the question of the penalty. The question of whether the judgment for $4.60 was correct was never considered by the trial court.

The judgment was rendered for penalties to the date of the trial in district court for $254.28. The $4.60 for wages actually earned was no part of this judgment. Motion for a new trial was duly filed and overruled. The defendant appeals.

Plaintiff is met at the outset by the fact that he sued in the first place for about $20 in addition to the penalties. The city court gave him judgment for $4.60 only. He did not appeal from this judgment, nor did he press the matter of how much was actually due him

for money earned when the trial occurred in district court. We therefore are forced to the conclusion that instead of the $20 sued for by plaintiff and claimed by him to be actually due there was due him only $4.60. Plaintiff does not dispute this.

Since this is the case, then G. S. 1935, 44-307 and 44-308, do not apply. It would not do to say that every time an employee's service with a company was terminated and there was a dispute about the amount due, the company should be made to pay a penalty for not paying the amount demanded, especially when it afterward turned out that the company was right. To so hold would permit unscrupulous employees to make demands they knew would not be met, and later bring an action for penalties. The statute was not intended to bring about such a result.

Plaintiff is also met with the point that he did not give defendant any notice in writing of the place where the payment should be made. Such a notice is required before an employee may avail himself of the provisions of G. S. 1935, 44-307 and 44-308. (See *Hurt v. Edgell,* ante, page 234, 75 P. 2d 834.) We are not concerned with the question of whether defendant could appeal from the city court to the district court from part of the judgment only since plaintiff did not see fit to raise that question in the district court.

The judgment of the trial court is reversed.