No. 46,616

MICHAEL D. OSIPIK, a Minor, By and through his Mother and Next
Friend, FERN L. OSIPIK, *Appellants*, v. EDWARD JANSEN, WILLIAM
JANSEN, And d/b/a JANSEN's MOBIL SERVICE STATIONS, *Appellees*.

(504 P. 2d 148)

Opinion filed December 9, 1972.

*Francis L. Smith,* of Kansas City, Kansas, was on the brief for the appellants.
*Lawrence Long, Jr.,* of Kansas City, Kansas, was on the brief for the appellees.

*Per Curiam:* The appellant seeks to recover statutory penalties
under K. S. A. 44-308 for the refusal of his employers, the appellees,
to pay the wages due him at the time he terminated his employment
and after proper demand and notice. The penalty is the continu-
ation of wages at the rate the employee was receiving "until full
and complete settlement is made."

There is no dispute as to the wages due ($72) or the weekly
wage ($102) comprising the basis for the penalty.

The employers' defense is that appellant was indebted to them
when he quit in the sum of $80 on a bad check which he took from
a customer in violation of the employers' rules, and on some other
items. They claim that the right of offset of the $80 due on the bad
check, etc., provided a basis for their claim of an "honest dispute"
over the amount due the appellant, and that under the decision in
*Gawthrop v. Missouri Pac. Rly. Co.,* 147 Kan. 756, 78 P. 2d 854, they
were justified in withholding payment and are relieved of the
obligation for the statutory penalty.

Though the amount of the plaintiff's wage claim was admitted,
the trial court submitted it to the jury, along with the defendant's
counterclaim. The jury allowed the wage claim but denied the
counterclaim.

The record is sketchy and the merits of the counterclaim on the
check, and the defense to it, do not appear. But the fact of the
check having been taken against the employers' direction, the
amount of it, and the fact of its dishonor appear not to have been
disputed. There was no response by way of reply to the counter-

claim. There was no cross-appeal and the jury's rejection of the counterclaim is final.

While the trial court might, on this record, have held as a matter of law that there was an honest dispute, it saw fit to submit that issue to the jury under an apt instruction. The jury, in answer to a special question, found that there was an "honest dispute" even though they rejected the counterclaim on its merits.

The record shows no objections by the plaintiff to any of the instructions or to the action of the court in submitting the issue of "honest dispute" to the jury.

Thus, the defense of "honest dispute" appears to have been legally resolved in favor of the appellees. At least the appellant cannot complain of it in the absence of a timely objection to its submission to the jury. The finding of "honest dispute" and the rejection of the counterclaim are not inconsistent.

The result is a judgment in favor of the plaintiff for $72 and costs on his petition and a judgment against the defendants on their counterclaim.

The defendants are not liable for the statutory penalties on this record in view of *Gawthrop v. Missouri Pac. Rly. Co.*, cited above.

The judgment of the trial court is affirmed.