No. 46,987

William L. Bradshaw, *Appellant,* v. Jayco Enterprises, Inc., *Appellee.*

(510 P. 2d 174)

Opinion filed May 12, 1973.

*Ronald D. Albright,* of Anthony, argued the cause, and *William H. Yandell,* of Anthony, was with him on the brief for the appellant.

*Terry T. Messick,* of Hall and Hall, of Anthony, argued the cause, and *Max D. Hall,* of the same firm was with him on the brief for the appellee.

*Per Curiam:* Appellant seeks to recover the statutory penalty under K. S. A. 44-308, for appellee's failure to pay him the wages due upon the termination of his employment.

The wage claim was for a week's vacation pay which was predicated upon appellant's allegation that appellee agreed to give him one week's paid vacation after he had worked for one year.

On appellee's answer the terms of the oral arrangement for vacation pay were disputed and appellee refused to pay. This action ensued.

After trial to the court the district judge expressed doubt as to whether a claim for vacation pay was one for wages under the penalty statute, but he gave appellant "the benefit of the doubt on that" and rendered judgment for the week's pay of $96.00.

The trial court denied the claim for penalty, stating "There is certainly a misunderstanding about this employment contract," that there was a legitimate controversy and the penalty statute did not apply.

The trial judge was right. The record reveals a legitimate controversy or an honest dispute over the terms of the agreement, its interpretation, and over the interpretation of the penalty statute.

In his brief appellant argues that if the penalty statute cannot provide a remedy in this situation, it would be virtually impossible for any employee to collect wages due him, as it would be impossible to employ counsel unless the amount of wages was a sizable sum.

We observe that neither may a plaintiff's claim be taken at face value and the penalty statute invoked automatically. There is gen-

erally little room for an honest dispute, however, over the amount of regular wages due upon termination of employment, but where there is a good-faith counter-claim, as in *Osipik v. Jansen*, 210 Kan. 645, 504 P. 2d 148, or a claim for an excessive amount as in *Gawthrop v. Missouri Pac. Rly. Co.*, 147 Kan. 756, 78 P. 2d 854, or a dispute over contractual terms or the definition of wages, as in this case, it would be harsh and unjust indeed to apply the penalty statute.

In the light of our decisions in *Gawthrop* and *Osipik*, the judgment of the trial court must be affirmed.

It is so ordered.