**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LUIS SASTRE,

    Plaintiff-Appellant,

v.

CESSNA AIRCRAFT COMPANY,

    Defendant-Appellee.

No. 98-3330

(D.C. No. 96-CV-1456-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **KELLY**, Circuit Judges.

---

Plaintiff Luis Sastre appeals the district court's grant of summary judgment in favor of Defendant Cessna Aircraft Company on his claims of breach of implied duty of good faith, forfeiture, and unconscionability. We exercise jurisdiction pursuant to 18 U.S.C. § 1291, and affirm.

I.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Luis Sastre was a Latin American sales representative for Cessna's Citation jet aircraft until his termination, allegedly for filing false travel expense reports. Two documents, (1) the Statement of Understanding and (2) the annual Citation Marketing Sales Compensation Plan, contained the terms of Sastre's employment. The Statement of Understanding provided that Sastre was an employee at will. The Compensation Plan, which Cessna presented to Sastre unilaterally, provided that a sales representative earns his commission for the sale of an aircraft in two halves: he earns the first, the advance commission payment, when the Citation Marketing Division Administration ("Marketing") accepts the sale, and the second, the delivery commission payment, when Cessna delivers the aircraft to the customer. Finally, the Compensation Plan unambiguously provided that if a marketing representative were no longer an employee at the time Marketing accepted the sale or Cessna delivered the aircraft, the employee would not receive the advance or delivery commission, respectively.

At the time Cessna terminated him, Sastre had already arranged the sale of several aircraft for which he had not yet earned the commissions, either because Marketing had not yet accepted the sales, or because Cessna had not yet delivered the aircraft. Sastre sued Cessna to recover these commissions, alleging (1) breach of an implied covenant of good faith, (2) forfeiture, and (3) unconscionability.

Cessna filed a motion for summary judgment, which the district court granted. Sastre appeals.

II.

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999). Summary judgment is appropriate if no genuine issue of material fact exists. See Fed. R. Civ. P. 56(c). We view the evidence and draw inferences therefrom in the light most favorable to the nonmoving party. See Anderson, 181 F.3d at 1175.

A. Breach of the Implied Covenant of Good Faith

Sastre argues that the district court should have read an implied covenant of good faith into the Compensation Plan. The Compensation Plan provided that a sales representative did not earn advance and delivery commissions until Marketing had accepted the sale and Cessna had delivered the aircraft, respectively. Cessna prepared a new Compensation Plan every year and presented it to its employees unilaterally.

Under Kansas law, personnel rules that are unilaterally issued by the employer are not part of the employment contract and therefore cannot be the basis of an implied covenant of good faith. See Buckley v. Keebler Co., 1998 WL 314566, at *4 (10th Cir. 1998) (unpublished decision); Bartholomew v. City of

Burlington, Kansas, 5 F. Supp.2d 1161, 1171 (D. Kan. 1998); Kastner v. Blue Cross and Blue Shield of Kansas, Inc., 894 P.2d 909, 917 (Kan. App. 1995). Therefore, the district court correctly refused to imply a covenant of good faith on the basis of the Compensation Plan.

B.  Forfeiture

Sastre next argues that the Compensation Plan effects a forfeiture in violation of Kansas law because it provides that a marketing representative does not receive the advance or delivery commission until Marketing accepts the sale or Cessna delivers the aircraft to the customer, respectively.

The Kansas Wage Payment Act, Kan. Stat. Ann. §§ 44.313-327, provides that terminated employees are entitled to collect all of their "earned wages," id. at § 44.315(a), including commissions, see id. at § 44.313(c).  However, an employment contract may create a condition precedent to the employee's earning of wages.  See Weir v. Anaconda Co., 773 F.2d 1073, 1084 (10th Cir. 1985); Smith v. MCI Telecommunications Corp., 755 F. Supp. 354, 358 (D. Kan. 1990); Weinzirl v. Wells Group, Inc., 677 P.2d 1004, 1008 (Kan. 1984).  A condition precedent is

> something that is agreed must happen or be performed before a right
> can occur to enforce the main contract.  It is one without the
> performance of which the contract entered into between the parties
> cannot be enforced.  A condition precedent requires the performance
> of some act or happening of some event after the terms of the

contract, including the condition precedent, have been agreed on before the contract shall take effect.

Weinzirl, 677 P.2d at 1008.

The Compensation Plan creates two conditions precedent to a marketing representative's receipt of the advance and delivery commissions: first, Marketing must accept the transaction, and second, Cessna must deliver the aircraft to the customer. In addition, in order to receive the commissions, a sales representative must be an employee at the time the conditions precedent are satisfied. Because Sastre had not yet satisfied the conditions precedent when he was terminated, he had not yet "earned" his commissions under Kan. Stat. Ann. § 44.315(a). Therefore, the district court correctly found that the Compensation Plan did not effect a forfeiture under the Kansas Wage Payment Act.

### C. Unconscionability

Sastre finally argues that the Compensation Plan was unconscionable. Under Kansas law, a contract is unconscionable if it meets the following factors:

> 1. The use of printed form or boilerplate contracts drawn skillfully by the party in the strongest economic position, which establish industry wide standards offered on a take it or leave it basis to the party in a weaker economic position;
> 2. a significant cost-price disparity or excessive price;
> 3. a denial of basic rights and remedies to a buyer of consumer goods;
> 4. the inclusion of penalty clauses;
> 5. the circumstances surrounding the execution of the contract, including its commercial setting, its purpose and actual effect;

6. the hiding of clauses which are disadvantageous to one party in a mass of fine print trivia or in places which are inconspicuous to the party signing the contract;

7. phrasing clauses in language that is incomprehensible to a layman or that divert his attention from the problems raised by them or the rights given up through them;

8. an overall imbalance in the obligations and rights imposed by the bargain;

9. exploitation of the underprivileged, unsophisticated, uneducated and the illiterate; and

10. inequality of bargaining or economic power.

Wille v. Southwestern Bell Tel. Co., 549 P.2d 903, 906-07 (Kan. 1976) (citations omitted).

Sastre has not shown, either in the district court or on appeal, that the Compensation Plan was a contract. Even if the Compensation Plan is a contract, it is not unconscionable: factors 1-3 and 7-9, regarding consumer transactions, are not applicable, and Sastre has not presented evidence that supports a finding of unconscionability under factors 4 (penalty clauses), 5 (circumstances of the contract's execution), or 6 (hidden language or fine print). The evidence supporting factor 10, that Cessna's unilateral presentation of the Compensation Plan to Sastre demonstrated disparate bargaining power, is not alone enough to raise an issue of material fact regarding unconscionability. Accordingly, the decision of the district court is

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge